■ ARLENE ROGALA, Appellant, v SYRACUSE HOUSING AUTHORITY, Respondent. [707 NYS2d 572] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover damages for personal injuries that she sustained when she fell while descending two concrete steps from a porch to the sidewalk at an apartment complex owned, operated and maintained by defendant. Plaintiff contends that defendant negligently created the dangerous condition when it reconstructed the steps in 1990 with different riser heights in violation of the State Building Code. During pretrial discovery, plaintiff sought certain "as-built" drawings prepared by the architect hired by defendant, but defendant was unable to locate the drawings. Plaintiff moved for sanctions based on defendant's negligent spoliation of evidence. Plaintiff sought an order striking defendant's answer or, in the alternative, an order precluding defendant from presenting any evidence regarding the physical condition of the area where she fell.

Contrary to plaintiff's contention, Supreme Court properly refused to strike defendant's answer and did not abuse its discretion in granting the motion to the limited extent of precluding defendant from offering evidence of the drawings unless such drawings were provided to plaintiff's counsel for inspection 30 days prior to trial of the action. "In the absence of pending litigation or notice of a specific claim, a defendant

should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (*Conderman v Rochester Gas & Elec. Corp.*, 262 AD2d 1068, 1070). In the circumstances of this case, the court's order constitutes an appropriate sanction for defendant's unexplained failure to locate the drawings, which were transmitted to defendant nearly six years prior to the accident and well before defendant had notice of any claim or pending litigation. (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Strike Pleading.) Present—Pigott, Jr., P. J., Green, Wisner and Scudder, JJ.