■ MAURICE BRADLEY, Respondent, v SAN-GRA CORPORATION, THE SANTARO COMPANIES, Appellant-Respondent, and ROZELL INDUSTRIES, INC., Appellant. [753 NYS2d 556] —Mugglin, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered March 5, 2002 in Schoharie County, which, inter alia, granted plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Masons employed by defendant Rozell Industries, Inc., a subcontractor, were installing pieces of concrete ribbon on the exterior face of the south side of a building being constructed for Lancaster Development, Inc., plaintiff's employer. Each piece of concrete was approximately 8 inches wide by 10 feet long and weighed between 300 and 400 pounds. The exterior wall had been constructed to the level of the top of the first floor window openings and each precast piece of concrete ribbon rested on the wall, except where it crossed a window opening and, at that point, it rested on a piece of steel angle iron. For some time, plaintiff had been assigned by his employer to work with the general contractor, defendant San-Gra Corporation, the Santaro Companies (hereinafter San-Gra). Despite the presence of a doorway approximately two feet away and a ladder fastened to the masons' scaffold, plaintiff opted to exit the building through a window opening—over which the

masons had just installed one of the 10-foot pieces of concrete ribbon—to check some malfunctioning welding equipment on the scaffold. While wet mortar had been placed under the precast concrete, it had not yet set. Additional courses of brick were to be laid above it on the wall, flush with the face of the ribbon. After plaintiff finished working on the welder, he again chose to reenter the building through the window opening. When he did so, the 10-foot piece of concrete over the window fell, striking plaintiff and propelling him to the ground. One end of the concrete piece came to rest on the window sill and the other on plaintiff's right leg, fracturing it.

Plaintiff commenced this action alleging negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue, plaintiff moved for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). San-Gra cross-moved for partial summary judgment dismissing plaintiff's Labor Law § 240 (1) and § 241 (6) claims and also sought summary judgment against Rozell on its cross claim for indemnification. Rozell opposed both plaintiff's motion and San-Gra's cross motion for indemnification.

Supreme Court granted plaintiff's motion for partial summary judgment with respect to Labor Law § 240 (1), which decision, of necessity, denied San-Gra's cross motion to dismiss this claim. With respect to Labor Law § 241 (6), Supreme Court granted San-Gra partial summary judgment dismissing those claims found in plaintiff's bill of particulars which were based on alleged violations of 12 NYCRR 23-1.5, 23-1.7 and 23-2.1. Supreme Court, however, denied the cross motion with respect to 12 NYCRR 23-2.2 (b), considering this allegation raised for the first time in plaintiff's reply brief to be an amendment to plaintiff's bill of particulars. Supreme Court did, however, grant defendants leave to move for summary judgment with respect to this section. Lastly, with respect to the issue of indemnification, Supreme Court granted San-Gra summary judgment against Rozell for indemnification based on San-Gra being vicariously liable under Labor Law § 240 (1). Supreme Court did not grant indemnification with respect to any other of plaintiff's causes of action. Both Rozell and San-Gra appeal.

First, on these facts, we believe that Supreme Court improperly granted plaintiff partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). In *Narducci v Manhasset Bay Assoc.* (96 NY2d 259), the Court of Appeals observed that Labor Law § 240 (1) applies to both "falling worker" and "falling object" cases, and held that "the fact that an injured plaintiff may have been working at an elevation

when the object fell is of no moment in a 'falling object' case, because a different type of hazard is involved. Working at an elevation does not increase the risk of being hit by an improperly hoisted load of materials from above" (*id.* at 268). Hence, it is of no moment here whether plaintiff was struck by the falling object while on the scaffold, in the window or on the ground. What is essential to plaintiff's ability to recover in a falling object case is that "[a] plaintiff must show that the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*id.* at 268 [emphasis in original]).

Here, the masons used a forklift to place each 10-foot section of precast concrete ribbon. The piece which struck plaintiff had been placed on the wall and over the window, and the workers had moved on to hoist the next piece when plaintiff's accident occurred. Thus, the object " 'that fell on plaintiff was not a material being hoisted or a load that required securing for the purposes of the undertaking at the time it fell, and thus Labor Law § 240 (1) does not apply. * * * This was not a situation where a hoisting or securing device of the kind enumerated in the statute would have been necessary or even expected' " (*Roberts v General Elec. Co.*, 97 NY2d 737, 738, quoting *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268). Labor Law § 240 (1) is inapplicable to these facts. Rather, plaintiff was subject to a general hazard normally associated with a construction project of this type (*see Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491; *Baker v Barron's Educ. Serv. Corp.*, 248 AD2d 655, 656). The statute was not intended to cover all dangers tangentially related to gravity (*see McGuire v Independent Cement Corp.*, 255 AD2d 646). Consequently, San-Gra's cross motion seeking dismissal of this cause of action is granted.

With respect to the claimed violations of Labor Law § 241 (6), we first note that plaintiff has not appealed from the dismissal of those portions of this cause of action which were premised upon specific violations set forth in his bill of particulars. The claim that 12 NYCRR 23-2.2 (b) applies was raised for the first time in plaintiff's reply papers. Defendants and Supreme Court had no opportunity to address it, leaving the record undeveloped, and precluding appellate review (*see Matter of Jordan v Jordan*, 288 AD2d 709, 711). Defendants' remedy is to accept Supreme Court's invitation to move for summary judgment with respect to this issue.

As a final matter, since we are reversing Supreme Court's grant of summary judgment to plaintiff with respect to the

Labor Law § 240 (1) claim, Supreme Court's grant of summary judgment to San-Gra against Rozell for indemnification, having been based on this cause of action, must also be reversed. With respect to the balance of the causes of action asserted by plaintiff, Supreme Court correctly determined that unresolved issues of fact preclude summary judgment on the indemnification cross claim (*see Zuckerman v City of New York*, 49 NY2d 557, 562).

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as (1) granted plaintiff's motion for partial summary judgment, (2) partially denied the cross motion of defendant San-Gra Corporation, the Santaro Companies, for summary judgment dismissing the Labor Law § 240 (1) cause of action, and (3) granted said defendant's cross motion on its cross claim for indemnification; motion denied, cross motion granted to the extent of dismissing the Labor Law § 240 (1) cause of action against said defendant, and cross motion for indemnification denied; and, as so modified, affirmed.