■ NICHOLAS GAMPIETRO et al., Respondents, v LEHRER MCGOVERN BOVIS, INC., et al., Appellants. [757 NYS2d 657] —Appeal from an order of Supreme Court, Erie County (Rath, Jr., J.), entered January 17, 2002, which denied in part defendants' motion for summary judgment and granted plaintiffs' cross motion for partial summary judgment on liability with respect to the Labor Law § 240 (1) claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying plaintiffs' cross motion and granting those parts of defendants' motion for summary judgment seeking dismissal of the claim pursuant to Labor Law § 240 (1) and the claim pursuant to Labor Law § 241 (6) to the extent that it is premised upon the violation of 12 NYCRR 23-1.7 (a) (1) and dismissing those claims and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries that Nicholas Gampietro (plaintiff) sustained while installing a water line pipe in a trench that was seven feet deep. The back hoe being used to dig the trench was located approximately 30 feet from plaintiff when it dislodged an abandoned gas line pipe from the wall of the trench, causing the gas line pipe to fall on plaintiff. Plaintiffs asserted claims pursuant to Labor Law §§ 200, 240 (1) and § 241 (6) against defendant corporations, which were hired in their status as a joint venture by the Dormitory Authority of the State of New York, the owner of the premises, to act as construction manager. Defendants moved for summary judgment seeking, inter alia, dismissal of the amended complaint, and plaintiffs cross-moved for partial summary judgment on li-

ability with respect to the Labor Law § 240 (1) claim. Supreme Court granted defendants' motion only to the extent that it dismissed the Labor Law § 241 (6) claim insofar as it was premised on the violation of 12 NYCRR 23-1.5 and Occupational Safety and Health Act standards, and the court granted plaintiffs' cross motion.

With respect to the claim pursuant to Labor Law § 240 (1), we conclude that the court erred in granting plaintiffs' cross motion and instead should have granted that part of defendants' motion seeking summary judgment dismissing that claim. "[F]or section 240 (1) to apply, a plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute * * *. * * * Absolute liability for falling objects under Labor Law § 240 (1) arises only when there is a failure to use necessary and adequate hoisting or securing devices. The absence of a necessary hoisting or securing device * * * did not cause the falling [pipe] here" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268-269 [2001]). Although plaintiffs established that a trench box used to shore up the walls of the trench had been removed from the trench the day before the accident, they failed to establish that the trench box had been used for the purpose of securing the pipe that fell on plaintiff. Here, the pipe was not being hoisted or secured when it fell, and we conclude that the hazard of dislodging an abandoned pipe, causing the pipe to fall on a worker, is not a hazard that was contemplated by Labor Law § 240 (1) (*see Narducci*, 96 NY2d at 267-268).

With respect to the claims pursuant to Labor Law §§ 200 and 241 (6), we conclude that the court erred in determining as a matter of law that defendants directed and controlled the work site where plaintiff was injured and therefore were subject to liability as agents of the owner. We further conclude that defendants established as a matter of law that they were not agents of the owner, but plaintiffs raised an issue of fact in that respect (*see Lombardi v Stout*, 80 NY2d 290, 294-295 [1992]; *Baum v Ciminelli-Cowper Co.*, 300 AD2d 1028 [2002]; *Crespo v Triad, Inc.*, 294 AD2d 145, 146-147 [2002]). Although we reject the contention of defendants that 12 NYCRR 23-4.1 (a), 23-4.2 (a), (g) and 23-4.4 (a) are not sufficiently specific to support the claim pursuant to section 241 (6) (*see Matter of Fischer v State of New York*, 291 AD2d 815, 816 [2002]; *see generally Sainato v City of Albany*, 285 AD2d 708, 709-710 [2001]), we agree with defendants that 12 NYCRR 23-1.7 (a) (1)

is not applicable here and thus that the claim pursuant to section 241 (6) must be dismissed insofar as it is premised on the violation of that regulation. We further note that, in their brief on appeal, plaintiffs relied only upon the regulations addressed herein to support the claim pursuant to Labor Law § 241 (6) and are therefore deemed to have abandoned their reliance on any other regulations to support that claim (*see generally Griffin v MWF Dev. Corp.*, 273 AD2d 907, 908 [2000]).

Thus, we modify the order by denying plaintiffs' cross motion and granting those parts of defendants' motion for summary judgment seeking dismissal of the claim pursuant to Labor Law § 240 (1) and the claim pursuant to Labor Law § 241 (6) to the extent that it is premised upon the violation of 12 NYCRR 23-1.7 (a) (1) and dismissing those claims. Present—Pine, J.P., Wisner, Scudder, Kehoe and Burns, JJ.