■ ROBERT EBERHARD, Respondent, v ALEXANDER CENTRAL SCHOOL DISTRICT, Appellant. [765 NYS2d 289] —Appeal from an order of Supreme Court, Genesee County (Noonan, J.), entered October 30, 2002, which granted plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and denied defendant's cross motion for summary judgment dismissing that claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, the cross motion is granted and the Labor Law § 240 (1) claim is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained in a construction accident while descending a scaffolding in order to leave the job site for the day. A brick that had been weighting down a plastic tarp covering a newly-laid section of brick wall fell approximately 30 feet, striking plaintiff in the face. Supreme Court erred in granting plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and in denying defendant's cross motion for summary judgment dismissing that claim. "[F]or section 240 (1) to apply, a plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 268 [2001] [emphasis in original]). "Absolute liability for falling objects under Labor Law § 240 (1) arises only when there is a failure to use necessary and adequate hoisting or securing devices. The absence of a necessary hoisting or securing device * * * did not cause the falling [brick] here" (*id.* at 268-269; *see Gampietro v Lehrer McGovern Bovis,* 303 AD2d 996 [2003]; *Bradley v San-Gra Corp.,* 301 AD2d 709, 710-711 [2003]). "Here, the [brick] was not being hoisted or secured when it fell, and we conclude that the hazard of [its being dislodged] * * *, causing the [brick] to fall on a worker, is not a hazard that was contemplated by Labor Law § 240 (1) (*see Narducci,* 96 NY2d at 267-268)" (*Gampietro,* 303 AD2d at 997; *see Bradley,* 301 AD2d at 711). "This was not a situation where a hoisting or securing device of the kind enumerated in the statute would have been necessary or even expected" (*Narducci,* 96 NY2d at 268; *see Roberts v General Elec. Co.,* 97 NY2d 737, 738 [2002]). Present—Pigott, Jr., P.J., Pine, Wisner and Kehoe, JJ.