DAVID POWERS et al., Respondents, v CARROLS CORPORATION, Doing Business as BURGER KING, Appellant, et al., Defendant. [778 NYS2d 397]—

Appeal from an order of the Supreme Court, Erie County (Barbara Howe, J.), entered July 31, 2003 in an action to recover damages for personal injuries. The order granted plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) claim and denied the cross motion of defendant Carrols Corporation, doing business as Burger King, to dismiss the Labor Law §§ 200, 240 (1) and § 241 (6) claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion in part and dismissing the Labor Law § 241 (6) claim against defendant Carrols Corporation, doing business as Burger King, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by David Powers (plaintiff) when he was repairing a light attached to a pole in the parking lot of defendants' restaurant and the bucket truck in which he was standing tipped over, causing him to fall some 15 feet to the ground. Supreme Court properly granted plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) claim and denied that part of the cross motion of Carrols Corporation, doing business as Burger King (defendant), seeking dismissal of that claim against it pursuant to CPLR 3211 (a) (7). The record establishes that plaintiff was "repairing" the light within the meaning of section 240 (1) (*cf. Esposito v New York City Indus. Dev. Agency,* 1 NY3d 526, 528 [2003]). The contentions of defendant that there is an issue of fact whether it violated that statute and that plaintiff's actions were the sole proximate cause of the accident are raised for the first time on appeal and thus are not properly before us (*see Ciesinski v Town of Aurora,* 202 AD2d 984, 985 [1994]).

The court erred, however, in denying that part of the cross motion of defendant seeking dismissal of the Labor Law § 241 (6) claim against it pursuant to CPLR 3211 (a) (7). "In reviewing the determination of a motion to dismiss pursuant to CPLR 3211, we must accept as true the facts alleged in the complaint and in the submissions in opposition to the motion, accord the plaintiff the benefit of every possible favorable inference, and determine whether the facts alleged fit within any cognizable legal theory" (*MetLife Auto & Home v Joe Basil Chevrolet,* 303 AD2d 30, 31 [2002], *affd* 1 NY3d 478 [2004]). According plaintiffs the benefit of every possible favorable inference, we nevertheless conclude that they have not adequately stated a Labor Law § 241 (6) claim against defendant. Plaintiffs do not allege any facts demonstrating that the accident at issue "occur[red] in the context of construction, demolition [or] excavation" (*Nagel v D & R Realty Corp.,* 99 NY2d 98, 103 [2002]). We therefore modify the order accordingly.

Finally, the contention of defendant that the court erred in denying that part of its cross motion with respect to the Labor Law § 200 claim is without merit. Present—Pigott, Jr., P.J., Pine, Kehoe, Martoche and Hayes, JJ.