MICHAEL DORATO et al., Appellants, v FOREST CITY ENTERPRISES, INC., et al., Respondents and Third-Party Plaintiffs. NATIONAL CONSERVATION CORPORATION, Third-Party Defendant-Respondent. [785 NYS2d 626]—

Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered July 10, 2003. The order, insofar as appealed from, granted that part of the motion of third-party defendant for summary judgment dismissing the complaint and the cross motion of defendants for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Michael Dorato (plaintiff) when he sank into soil

up to his chest at the "Summit Clay Pit," where he remained for six hours until he was rescued therefrom. Supreme Court properly granted that part of the motion of third-party defendant for summary judgment dismissing the complaint and properly granted the cross motion of defendants for summary judgment dismissing the complaint. With respect to the Labor Law § 241 (6) cause of action, we conclude that defendants and third-party defendant established that plaintiff was not engaged in any of the activities enumerated in that section and plaintiffs failed to raise a triable issue of fact (*see Reger v Harry's Harbour Place Grille* [appeal No. 2], 5 AD3d 1065 [2004]). Labor Law § 241 (6) "covers industrial accidents that occur in the context of construction, demolition and excavation" (*Nagel v D & R Realty Corp.*, 99 NY2d 98, 103 [2002]) and does not cover the mining operations in which plaintiff was engaged at the time of the accident (*see Whitaker v Norman,* 146 AD2d 938, 938-939 [1989], *affd* 75 NY2d 779 [1989]; *Houde v Barton,* 202 AD2d 890, 894-895 [1994], *lv dismissed* 84 NY2d 977 [1994]). We further conclude that the court properly granted those parts of the motion and cross motion seeking summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action. Defendants and third-party defendant established that defendants "lacked actual or constructive notice of the alleged defect or dangerous condition . . . , and plaintiff[s] failed to raise a triable issue of fact" (*Bald v Westfield Academy & Cent. School,* 298 AD2d 881, 882 [2002]; *see generally Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 352-353 [1998]; *Lombardi v Stout,* 80 NY2d 290, 295 [1992]). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Lawton, JJ.