■ SHERYL LOVE, Appellant-Respondent, v NEW YORK STATE THRUWAY AUTHORITY et al., Respondents-Appellants. (Claim No. 102193.) [794 NYS2d 166]—

Appeal and cross appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered January 6, 2004. The order granted defendants' motion for summary judgment in part and dismissed the Labor Law §§ 200 and 240 (1) claims and denied claimant's cross motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion with respect to the common-law negligence claim and dismissing that claim and as modified the order is affirmed without costs.

Memorandum: Claimant commenced this Labor Law and common-law negligence action seeking to recover damages for personal injuries that she sustained in the course of her employment while sandblasting and painting a highway bridge owned by defendants. Claimant was injured when she was struck by either a falling piece of concrete from the bridge itself or a falling metal clamp that was evidently being used to secure a tarp or a "pick" scaffolding suspended from the bridge. Regardless of whether claimant was struck by a falling piece of concrete or a falling clamp, we conclude that the Court of Claims properly granted that part of defendants' motion for summary judgment dismissing the Labor Law § 240 (1) claim. "[F]or section 240 (1) to apply, a [claimant] must show more than simply that an object fell causing injury to a worker. A [claimant] must show that the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see Eberhard v Alexander Cent. School Dist.*, 309 AD2d 1169 [2003]). Here, neither the piece of concrete nor the clamp was being hoisted or secured when it fell, and thus defendants established as a matter of law that the absence or inadequacy of a necessary hoisting or securing device did not cause the object to fall (*see Narducci*, 96 NY2d at 268-269; *Eberhard*, 309 AD2d at 1170). We thus conclude that this case does not fall within the ambit of Labor Law § 240 (1) (*see Narducci*, 96 NY2d at

268-269; *Eberhard*, 309 AD2d at 1170; *Gampietro v Lehrer Mc-Govern Bovis*, 303 AD2d 996, 997 [2003]; *Bradley v San-Gra Corp.*, 301 AD2d 709, 711 [2003]).

We further conclude that the court properly granted that part of defendants' motion for summary judgment dismissing the Labor Law § 200 claim. The court's failure to rule on that part of defendants' motion seeking dismissal of the common-law negligence claim is deemed a denial of that part of the motion (*see Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864 [1993]), and we conclude that the court also should have granted that part of defendants' motion with respect to that claim. We therefore modify the order accordingly. Even assuming, arguendo, that claimant was injured by a concrete piece of the bridge that broke away and fell due to a structural defect, we conclude that defendants established as a matter of law that they lacked actual or constructive notice of any dangerous physical condition of the bridge (*see Dorato v Forest City Enters., Inc.*, 12 AD3d 1119, 1120 [2004]; *Bald v Westfield Academy & Cent. School*, 298 AD2d 881, 882 [2002]). We further conclude that claimant failed to raise a triable question of fact with regard to that issue of notice (*see Dorato*, 12 AD3d at 1120; *Bald*, 298 AD2d at 882; *see generally Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352-353 [1998]; *Lombardi v Stout*, 80 NY2d 290, 295 [1992]). In any event, the record establishes, and claimant concedes, that she is unable to identify the object that struck her, and thus we conclude that summary dismissal of the Labor Law § 200 and common-law negligence claims is appropriate. Where, as here, there is more than one possible cause of a claimant's injury and the defendants are not responsible for one or more of those causes, there can be no recovery because the claimant cannot establish that the defendants' negligence caused his or her injury (*see Wendt v Jacus*, 288 AD2d 889, 890 [2001], *lv denied* 98 NY2d 604 [2002]; *Wiwigac v Snedaker*, 282 AD2d 801, 803-804 [2001]; *see also Blanco v Oliveri*, 304 AD2d 599, 600 [2003]; *see generally Bernstein v City of New York*, 69 NY2d 1020, 1021-1022 [1987]).

Contrary to the contention of defendants, the court properly denied that part of their motion for summary judgment dismissing the Labor Law § 241 (6) claim. As defendants note, the statute is intended "to protect workers from industrial accidents specifically in connection with construction, demolition or excavation work" (*Nagel v D & R Realty Corp.*, 99 NY2d 98, 102 [2002]). We conclude that the three-month-long sandblasting and painting project on which claimant was employed at the time of her injury constitutes a protected "construction" activ-

ity within the meaning of the statute (Labor Law § 241 [6]; *see* 12 NYCRR 23-1.4 [b] [13]; *Aarons v 401 Hotel, L.P.*, 12 AD3d 293, 294 [2004]; *Cornacchione v Clark Concrete Co.* [appeal No. 2], 278 AD2d 800, 801 [2000]; *see also Zervos v City of New York*, 8 AD3d 477, 479-480 [2004]; *Blair v Cristani*, 296 AD2d 471 [2002]; *see generally Joblon v Solow*, 91 NY2d 457, 466 [1998]). To the extent that our decisions in *Powers v Carrols Corp.* (8 AD3d 1061 [2004]) and *Reger v Harry's Harbour Place Grille*, Inc. ([appeal No. 2] 5 AD3d 1065 [2004]) are inconsistent herewith, those decisions are no longer to be followed. Present—Hurlbutt, J.P., Scudder, Kehoe, Pine and Hayes, JJ.