■ Mary R. Baun, Individually and as Administratrix of the Estate of Clair W. Baun, Deceased, et al., Appellants-Respondents, v Project Orange Associates, L.P., et al., Respondents, and G.E. International, Inc., et al., Respondents-Appellants. General Electric International, Inc., Third-

Party Plaintiff-Appellant, v INTERNATIONAL CHIMNEY CORPORATION, Third-Party Defendant-Respondent. [809 NYS2d 703]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered May 10, 2004. The order, inter alia, denied plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the cross motion of defendant and third-party plaintiff General Electric International, Inc. with respect to common-law indemnification and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Clair W. Baun (decedent) and his wrongful death. Decedent died after falling from a ladder attached to the chimney of a cogeneration plant owned by defendant and third-party plaintiff Project Orange Associates, L.P. (Project Orange) and operated by defendant and third-party plaintiff General Electric International, Inc. (GEI), incorrectly sued as G.E. International, Inc., and G.E. Contractual Services, Inc. GEI accepted a bid from decedent's employer, third-party defendant, International Chimney Corporation, Inc. (ICC), to install dampers in two chimney stacks at the cogeneration plant that were 200 feet high.

Plaintiffs moved for partial summary judgment on liability under Labor Law § 240 (1). GEI cross-moved for summary judgment "pursuant to the 'recalcitrant worker' defense" or, alternatively, for summary judgment on contractual and

common-law indemnification against ICC. Defendants and third-party plaintiffs Syracuse University, Project Orange and Orange Equipment Associates, L.L.C. (collectively, Orange defendants) moved for, inter alia, summary judgment "dismissing plaintiffs' claims under Labor Law § 200 and [common-law] negligence" as well as "summary judgment for common[-]law defense and indemnification against [ICC] and [GEI]." ICC opposed the motions and cross motion and sought preclusion of certain evidence.

Supreme Court, inter alia, denied plaintiffs' motion; denied GEI's cross motion; and granted those parts of the motion of the Orange defendants for summary judgment dismissing "plaintiffs' claims under Labor Law § 200 and [common-law] negligence" against them and seeking "common[-]law defense and indemnification" from ICC. The court did not address ICC's cross motion for preclusion, and no issue is raised with respect to that part of the cross motion on this appeal.

Plaintiffs appeal "from so much of the Order" that denied their motion for partial summary judgment on liability under Labor Law § 240 (1) and granted that part of the motion of the Orange defendants for summary judgment dismissing plaintiffs' "Labor Law § 200 and [common-law] negligence claims." We note that plaintiffs failed to include in their brief on appeal any contention with respect to the order insofar as it granted that part of the motion of the Orange defendants for summary judgment dismissing the Labor Law § 200 and common-law negligence "claims" against them and thus have abandoned their appeal with respect thereto (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). GEI appeals from that part of the order denying its cross motion for summary judgment "on the issue whether decedent was a recalcitrant worker" and for "contractual and/or common law defense and indemnification against" ICC.

We conclude that the court properly denied plaintiffs' motion because plaintiffs failed to meet their initial burden of establishing their entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In support of their motion, plaintiffs were required to establish as a matter of law that the injury sustained by decedent "was proximately caused by the failure of a safety device to afford him proper protection from an elevation-related risk" (*Raczka v Nichter Util. Constr. Co.*, 272 AD2d 874, 874 [2000]; *see* Labor Law § 240 [1]). Plaintiffs contend that decedent was injured when an enumerated safety device failed to provide proper protection, i.e., decedent was using a rope to tie one end of a

steel scaffolding cable to a rung of the ladder on which he was standing, and the rope broke. Decedent had carried one end of a 30-foot-long steel cable to within three or four rungs of the top of the chimney, and the turnbuckle end was raised to that level by the use of a pulley and rope operated by a coworker from the crow's nest nearly 80 feet below. Decedent untied the hoisting rope and tied one end of the cable to a rung of the ladder with a short rope. Decedent was attempting to fasten the other end of the cable into the turnbuckle while the cable was attached to the ladder, and decedent lost his balance and fell when the short rope attaching the cable to the ladder broke. In our view, that short rope was a device intended to hold the cable and was not intended to protect decedent from an elevation-related risk. Therefore, the failure of the rope to provide proper protection does not constitute a basis for the imposition of liability under section 240 (1).

Although plaintiffs further contend that decedent was not otherwise provided with adequate safety devices, the only evidence from an eyewitness submitted by plaintiffs in support of that contention consisted of excerpts of the deposition testimony of the coworker who operated the pulley and rope. The only safety device specifically mentioned by the coworker in those excerpts was a safety line that was to be attached to the scaffolding cable once that cable was in place. Plaintiffs concede in their brief on appeal that decedent was wearing a safety harness "and perhaps even a lanyard" but contend that a single lanyard was wholly inadequate and that decedent needed to use both hands in order to perform his work.

Even assuming, arguendo, that plaintiffs met their initial burden, we agree with the court that GEI raised issues of fact with respect to proximate cause and whether decedent was a recalcitrant worker. We reject the contention of GEI, however, that it was entitled to summary judgment with respect to the recalcitrant worker defense. According to the deposition testimony of a contract performance manager for GEI, decedent was wearing a body harness, but the contract manager did not observe a lanyard attached to decedent's harness. The maintenance manager for GEI also testified that decedent was wearing a harness but "did not have his lanyards on." The ICC project manager, however, testified that he observed that decedent was wearing a single lanyard after the fall. GEI submitted additional excerpts from the deposition testimony of the coworker operating the pulley and rope in which he testified that decedent was wearing a harness and a single lanyard. The coworker was watching decedent, but from where the coworker was standing

he could not see whether decedent was tied off. Decedent was stationary near the top of the ladder for approximately 10 minutes before he fell, and the coworker testified that the 100% tie-off rule was not applicable when a person is standing at the top of a ladder. The rule requiring a person to tie off with a lanyard applies only when a person is moving. The coworker saw the turnbuckle coming around the chimney and then saw decedent "coming out of the ladder."

To establish the recalcitrant worker defense, GEI had to show that decedent "deliberately refused to use available safety devices" (*Akins v Central N.Y. Regional Mkt. Auth.*, 275 AD2d 911, 911 [2000]) or that he chose to disregard specific instructions to use a safety device (*see generally Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]). A worker is "not the less recalcitrant because there [is] a lapse of weeks between the instructions and his [or her] disobedience of them" (*id.*). GEI submitted evidence that decedent had been instructed by an ICC maintenance manager to tie off at any elevation above six feet and had been told by the ICC project manager to use a harness and lanyard and to use fall protection during any aerial work, including the installation of the scaffolding cable. According to the deposition testimony of the ICC project manager, the safety line should have been attached after the ladder was installed, and until that time workers should have used two lanyards. One week before the accident, the ICC project manager noticed that decedent was using his harness and lanyards and was instructing others to do the same. Thus, GEI established that decedent had been instructed to use the lanyard but had chosen not to do so at the time of the accident. We further note, however, that GEI also submitted evidence that the use of a lanyard was not necessary inasmuch as decedent was stationary for about 10 minutes before the fall, and tying off was necessary only when a person was moving around. On the record before us, we cannot determine as a matter of law whether decedent was a recalcitrant worker.

GEI contends for the first time on appeal that the actions of decedent were the sole proximate cause of his fall, and thus that contention is not properly before us (*see generally Powers v Carrols Corp.*, 8 AD3d 1061, 1062 [2004]).

Finally, although we conclude that the court properly denied that part of GEI's cross motion for contractual indemnification because GEI failed to establish the existence of a specific contractual provision binding ICC, we conclude that the court erred in denying that part of GEI's cross motion with respect to common-law indemnification. GEI established as a matter of

law that it is entitled to a conditional order with respect to its claim for common-law indemnification against ICC by establishing as a matter of law that ICC was "the party that actually supervised, directed or controlled the work giving rise to the injury" (*Nappo v Menorah Campus*, 216 AD2d 876, 877 [1995]). We therefore modify the order accordingly. Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.