■ BRENTON C. SMITH et al., Appellants, v LE FROIS DEVELOPMENT, LLC, Respondent. [817 NYS2d 456]—

Appeal from an order of the Supreme Court, Livingston County (Gerard J. Alonzo, Jr., A.J.), entered April 14, 2005 in a personal injury action. The order denied plaintiffs' motion for partial summary judgment on liability pursuant to Labor Law § 240 (1) and granted defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Brenton C. Smith (plaintiff) when he was struck by a drift pin that fell from a steel beam approximately 20 feet above him. At the time of the accident, plaintiff was working at ground level and his supervisor, the foreman on the construction project, had just raised the column supporting the steel beam approximately one inch by means of a forklift. Supreme Court properly denied plaintiffs' motion seeking partial summary judgment on Labor Law § 240 (1) liability and granted that part of defendant's cross motion seeking summary judgment dismissing that claim. The evidence submitted by both parties establishes that the drift pin was not "a material being hoisted or a load [or object] that required securing for the purposes of the undertaking at the time it fell" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *cf. Outar v City of New York*, 5 NY3d 731, 732 [2005]), and "[t]his was not a situation where a hoisting or securing device of the kind enumerated in the statute would have been necessary or even expected" (*Narducci*, 96 NY2d at 268; *see Love v New York State Thruway Auth.*, 17 AD3d 1000, 1001-1002 [2005]; *Eberhard v Alexander Cent. School Dist.*, 309 AD2d 1169 [2003]).

The court also properly granted that part of defendant's cross motion seeking summary judgment dismissing the Labor Law

§ 241 (6) claim because the Industrial Code regulations relied upon by plaintiffs do not apply to this case (*see Hennard v Boyce*, 6 AD3d 1132, 1133 [2004]). Defendant established in support of its cross motion that 12 NYCRR 23-1.7 (a) is inapplicable because the area in which plaintiff was working was not "normally exposed to falling material or objects" within the meaning of that section (12 NYCRR 23-1.7 [a] [1]; *see Perillo v Lehigh Constr. Group, Inc.*, 17 AD3d 1136, 1138 [2005]). Section 23-1.27 (d), which applies to objects raised by means of a jack, has no application to this case (*see Wegner v State St. Bank & Trust Co. of Conn. Natl. Assn.*, 298 AD2d 211, 212 [2002]), and 12 NYCRR 23-2.3 also has no application to this case because it applies to "the final placing of structural steel members" (12 NYCRR 23-2.3 [a] [1]), which was not the task resulting in plaintiff's injuries (*see Hasty v Solvay Mill Ltd. Partnership*, 306 AD2d 892, 894 [2003]). Plaintiffs have failed to address in their brief on appeal the remaining regulations set forth in their bill of particulars with respect to Labor Law § 241 (6) and thus have abandoned any reliance on them (*see Gampietro v Lehrer McGovern Bovis*, 303 AD2d 996, 998 [2003]).

Finally, the court properly granted that part of defendant's cross motion seeking summary judgment dismissing the common-law negligence cause of action and Labor Law § 200 claim. Defendant established that it exercised no supervisory control over plaintiff's work, and plaintiffs failed to raise a triable issue of fact (*see O'Connor v Spencer [1997] Inv. Ltd. Partnership*, 2 AD3d 513, 515 [2003]). Present—Gorski, J.P., Martoche, Green and Pine, JJ.