Same memorandum as in *Simet v Coleman Co., Inc.* (42 AD3d 925 [2007]). Present—Scudder, P.J., Centra, Lunn and Fahey, JJ.

 Mary Simet, Appellant, v The Coleman Company, Inc., et al., Defendants, and David E. Lehman et al., Respondents. (Appeal No. 3.) [839 NYS2d 667]—

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), entered January 25, 2006 in a personal injury action. The judgment, upon the motion of defendants David E. Lehman and Linda Lehman for summary judgment, dismissed the complaint and cross claims against them.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced these actions seeking damages for catastrophic injuries she sustained during a severe storm, when a tree limb blew onto the camper in which she was sleeping. Plaintiff was staying in the camper with her boyfriend at that time, defendant Randy Newman, who is defendant Linda Lehman's son. The camper was owned by Linda and her husband, defendant David E. Lehman (collectively, Lehmans), and was located in their back yard. Both the camper and the tree limb were removed from the property prior to the commencement of these actions, and plaintiff cross-moved to strike the amended answer of the Lehmans based on their spoliation of that evidence.

We note at the outset that the appeal from the spoliation order in appeal No. 1 must be dismissed because "the right of direct appeal therefrom terminated with the entry of judgment" in appeal No. 3 (*Accounts Receivable Solutions, Inc. v Parrino & Mateo Chiropractic, P.C.*, 23 AD3d 321, 321 [2005]; *see* CPLR 5501 [a] [1]). We conclude with respect to that order that Supreme Court did not abuse its discretion in refusing to strike the Lehmans' amended answer and in instead precluding the Lehmans from introducing in evidence the report of an arborist retained by their insurance carrier who observed the tree and the tree limb shortly after the storm. Prior to the disposal of the camper, plaintiff's family had photographed it and the Lehmans had obtained written permission from their insurance carrier to dispose of it (*see generally Rogala v Syracuse Hous. Auth.*, 272 AD2d 888, 888-889 [2000]). We note that the record establishes that neighbors of the Lehmans cut up and disposed of the tree limb as part of the neighborhood clean-up efforts in the aftermath of the storm and not at the request of the Lehmans. "Striking a pleading for negligent spoliation is a drastic sanction that is appropriate only where the missing evidence 'deprive[s] the moving party of the ability to establish his or her . . . case' " (*Enstrom v Garden Place Hotel*, 27 AD3d 1084, 1086 [2006]), and here the court properly determined that striking the amended answer would unfairly relieve plaintiff of her burden of proof.

Addressing next the judgment in appeal No. 3, we conclude that the court properly granted the motion of the Lehmans for summary judgment dismissing the complaint and cross claims against them. Contrary to the contention of plaintiff, there is no evidence that the Lehmans created a dangerous condition with respect to her presence in the camper, or that they had constructive notice that the tree from which the limb broke was decayed or defective. Rather, the Lehmans established as a matter of law

that the limb, located approximately 30 feet from the camper, broke during an unusually intense storm with high winds, known as a "derecho"; that they were unaware of the approaching severe storms when plaintiff retired to the camper and, indeed, the first severe storm warning was issued after the storms had passed through the area of the Lehmans' home; and that they had no notice that the tree from which the limb broke was decayed or defective. We conclude that plaintiff failed to raise an issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The affidavit of plaintiff's expert arborist is insufficient to raise an issue of fact whether the Lehmans had constructive notice that the tree may have been unsafe. The expert opined that, regardless of whether the tree appeared to be healthy, the Lehmans would have been advised by an arborist to secure the limb if they had retained an arborist to inspect their trees. Nevertheless, it is well established that "the manifestation of said decay must be readily observable in order to require a landowner to take reasonable steps to prevent harm" (*Ivancic v Olmstead*, 66 NY2d 349, 351 [1985], *rearg denied* 66 NY2d 1036, 67 NY2d 754 [1985], *cert denied* 476 US 1117 [1986]; *see generally Bax v Allstate Health Care, Inc.*, 26 AD3d 861, 864-865 [2006]).

Finally, we conclude with respect to the order in appeal No. 2 that the court properly granted the cross motion of Newman for summary judgment dismissing the complaint and cross claims against him, despite his failure to establish his entitlement to judgment as a matter of law and his failure to seek that relief when the Lehmans moved for summary judgment. Indeed, the record establishes that Newman made his "cross motion" before the Lehmans moved for summary judgment dismissing the complaint against them, and the conclusory statement in the affidavit submitted by Newman's attorney that Newman did not breach any duty to plaintiff is without evidentiary value and thus is insufficient to establish Newman's entitlement to judgment as a matter of law (*see generally* CPLR 3212 [b]; *Zuckerman*, 49 NY2d at 562; *Deronde Prods. v Steve Gen. Contr.*, 302 AD2d 989 [2003]). Deeming Newman a nonmoving party and exercising our power to search the record pursuant to CPLR 3212 (b) in connection with the motion of the Lehmans, however, we conclude that the court properly granted summary judgment to Newman. The issue whether plaintiff's injuries were caused by "an act of God" was before the court with respect to the motion of the Lehmans for summary judgment dismissing the complaint against them (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *Delaine v Finger*

*Lakes Fire & Cas. Co.*, 23 AD3d 1143, 1144 [2005]). Present—Scudder, P.J., Centra, Lunn and Fahey, JJ.