■ PATRICK GAFFNEY, Appellant, v NORAMPAC INDUSTRIES, INC., Respondent. [971 NYS2d 782]—

Appeal from an order of the Supreme Court, Erie County (Shirley Troutman, J.), entered May 8, 2012 in a personal injury action. The order, inter alia, granted that part of the motion of defendant for summary judgment dismissing the complaint with respect to the Labor Law § 240 (1) cause of action and denied the cross motion of plaintiff for partial summary judgment on the common-law negligence and Labor Law §§ 200 and 240 (1) causes of action.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained when a seal that was located on top of a loading dock door fell and struck him on the head. Contrary to plaintiff's contention, Supreme Court properly granted that part of defendant's motion for summary judgment dismissing the complaint with respect to the Labor Law § 240 (1) cause of action. At the time of the accident, plaintiff and his coworker were testing a dock lock that they had just repaired. Notably, the door seal that was located above them did not "require[ ] securing for the purposes of the undertaking" (*Outar v City of New York*, 5 NY3d 731, 732 [2005]). Labor Law § 240 (1) therefore does not apply here because " '[t]his was not a situation where a hoisting or securing device of the kind enumerated in the statute would have been necessary or even expected' "

(*Roberts v General Elec. Co.*, 97 NY2d 737, 738 [2002]; *see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268-269 [2001]; *Smith v Le Frois Dev., LLC*, 28 AD3d 1133, 1133 [2006]). Contrary to plaintiff's further contention, the court did not err in relying upon the theory that plaintiff did not face an elevation-related risk even though defendant did not raise it in its initial motion papers. Plaintiff cross-moved for partial summary judgment on, inter alia, the Labor Law § 240 (1) cause of action and, pursuant to CPLR 3212 (b), the court had the authority to grant relief to a nonmoving party (*see Charter Sch. for Applied Tech. v Board of Educ. for City Sch. Dist. of City of Buffalo*, 105 AD3d 1460, 1462-1463 [2013]; *Simet v Coleman Co., Inc.*, 42 AD3d 925, 927-928 [2007]). Thus, the issue whether plaintiff faced an elevation-related risk was before the court on plaintiff's cross motion (*see generally Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *Costello v Hapco Realty*, 305 AD2d 445, 446 [2003]).

The court properly denied that part of plaintiff's cross motion seeking partial summary judgment on the Labor Law § 200 and common-law negligence causes of action. Plaintiff failed to establish as a matter of law that defendant either created the defective condition or had actual or constructive notice of it (*see generally Steiger v LPCiminelli, Inc.*, 104 AD3d 1246, 1248 [2013]). We reject plaintiff's contention that he met his burden by establishing that defendant did not inspect the seal prior to the accident. " 'The duty of landowners to inspect their property is measured by a standard of reasonableness under the circumstances' " (*Anderson v Justice*, 96 AD3d 1446, 1447 [2012]), and we conclude that it is for a trier of fact to determine whether defendant's conduct was reasonable. Present—Centra, J.P., Peradotto, Carni and Lindley, JJ.