# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

992

CA 13-00339

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

PATRICK GAFFNEY, PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

NORAMPAC INDUSTRIES, INC., DEFENDANT-RESPONDENT.

---

THOMAS C. PARES, BUFFALO, FOR PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA LLP, BUFFALO (CHRISTOPHER G. FLOREALE OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Shirley
Troutman, J.), entered May 8, 2012 in a personal injury action. The
order, inter alia, granted that part of the motion of defendant for
summary judgment dismissing the complaint with respect to the Labor
Law § 240 (1) cause of action and denied the cross motion of plaintiff
for partial summary judgment on the common-law negligence and Labor
Law §§ 200 and 240 (1) causes of action.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries he allegedly sustained
when a seal that was located on top of a loading dock door fell and
struck him on the head. Contrary to plaintiff's contention, Supreme
Court properly granted that part of defendant's motion for summary
judgment dismissing the complaint with respect to the Labor Law § 240
(1) cause of action. At the time of the accident, plaintiff and his
coworker were testing a dock lock that they had just repaired.
Notably, the door seal that was located above them did not "require[]
securing for the purposes of the undertaking" (*Outar v City of New
York*, 5 NY3d 731, 732). Labor Law § 240 (1) therefore does not apply
here because " '[t]his was not a situation where a hoisting or
securing device of the kind enumerated in the statute would have been
necessary or even expected' " (*Roberts v General Elec. Co.*, 97 NY2d
737, 738; *see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268-269;
*Smith v Le Frois Dev., LLC*, 28 AD3d 1133, 1133). Contrary to
plaintiff's further contention, the court did not err in relying upon
the theory that plaintiff did not face an elevation-related risk even
though defendant did not raise it in its initial motion papers.
Plaintiff cross-moved for partial summary judgment on, inter alia, the
Labor Law § 240 (1) cause of action and, pursuant to CPLR 3212 (b),
the court had the authority to grant relief to a nonmoving party (*see*

*Charter Sch. for Applied Tech. v Board of Educ. for City Sch. Dist. of City of Buffalo*, 105 AD3d 1460, 1462-1463; *Simet v Coleman Co., Inc.*, 42 AD3d 925, 927-928).  Thus, the issue whether plaintiff faced an elevation-related risk was before the court on plaintiff's cross motion (*see generally Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430; *Costello v Hapco Realty*, 305 AD2d 445, 446).

    The court properly denied that part of plaintiff's cross motion seeking partial summary judgment on the Labor Law § 200 and common-law negligence causes of action.  Plaintiff failed to establish as a matter of law that defendant either created the defective condition or had actual or constructive notice of it (*see generally Steiger v LPCiminelli, Inc.*, 104 AD3d 1246, 1248).  We reject plaintiff's contention that he met his burden by establishing that defendant did not inspect the seal prior to the accident.  " 'The duty of landowners to inspect their property is measured by a standard of reasonableness under the circumstances' " (*Anderson v Justice*, 96 AD3d 1446, 1447), and we conclude that it is for a trier of fact to determine whether defendant's conduct was reasonable.

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court