■ Leo Reohr, Respondent, v Golub Corporation, Appellant. [661 NYS2d 889] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Lynch, J.), entered March 3, 1997 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Allegedly injured as a result of slipping and falling at a Price Chopper supermarket located in the Town of Rotterdam, Sche-

nectady County, plaintiff commenced this negligence action against defendant, whom plaintiff alleged was the supermarket's proprietor. After joinder of issue but before discovery was commenced, defendant moved for summary judgment dismissing the complaint. In opposition, plaintiff argued, *inter alia,* that discovery was necessary to determine issues of ownership and control of the premises on the date of the accident (*see,* CPLR 3212 [f]). Supreme Court denied the motion, with leave to renew, finding that plaintiff should be afforded an opportunity to conduct discovery to obtain possible evidence of defendant's liability. Defendant appeals.

We affirm, albeit on somewhat different grounds than those relied upon by Supreme Court. In support of its motion, defendant submitted the affidavit of its vice-president and corporate secretary, who averred that defendant neither owned, leased nor operated the supermarket on the date of the accident, and that, upon information and belief, the supermarket was owned by Altamont Avenue Associates and leased to Price Chopper Operating Company, Inc. Inasmuch as this affidavit—which comprised the sole evidentiary foundation for defendant's motion—recites matters that are exclusively within defendant's knowledge, it should not, without more, form the basis for an award of summary judgment before the opposing party has had an opportunity to conduct discovery (*see, Grumman Aerospace Corp. v Rice,* 199 AD2d 365, 366; *Denkensohn v Davenport,* 130 AD2d 860, 862). Hence, summary judgment was properly denied (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Given this disposition, it is not necessary to consider or address the sufficiency of plaintiff's opposing papers.

Cardona, P. J., Mikoll, Mercure and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.