■ RYAN P. ST. LOUIS, Respondent, v TOWN OF NORTH ELBA et al., Appellants. [793 NYS2d 592]—

Rose, J. Appeal from an order of the Supreme Court (Dawson, J.), entered August 5, 2004 in Essex County, which, inter alia, granted plaintiff's cross motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff was employed in the assembly and construction of a steel pipeline. The pipe was being held in the jaws of a front-end loader at a height of approximately five feet above ground level so that workers standing at ground level could weld on new sections of pipe and clean the welds before the pipe was lowered into a trench. This placed the pipe at chest level while plaintiff struck it with a hammer to remove excess welding material. The jaws of the front-end loader inadvertently released and the pipe fell, striking and injuring plaintiff's legs and feet. As a result, he commenced this action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue, defendants moved for summary judgment dismissing all three claims and plaintiff cross-moved for summary judgment on the issue of liability with respect to his Labor Law § 240 (1)

claim. Supreme Court denied defendants' motion and granted plaintiff's cross motion, prompting this appeal by defendants.

Defendants contend that plaintiff's claim for liability under Labor Law § 240 (1) fails and should have been dismissed because there was no height differential between the level at which plaintiff was working and the level at which the pipe was being held. We agree. In cases that involve falling objects, Labor Law § 240 (1) applies "where protective devices are called for . . . because of a difference . . . between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]; *see e.g. Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 269-270 [2001]; *Sutfin v Ithaca Coll.*, 240 AD2d 989, 989-990 [1997]). Where, as here, the falling object is positioned at the level where the worker is performing his or her work, the statute does not apply (*see Melo v Consolidated Edison Co. of N.Y.*, 92 NY2d 909, 911 [1998]; *Jordan v Blue Circle Atl.*, 306 AD2d 741, 743 [2003]; *Rissel v Nornew Energy Supply*, 281 AD2d 880, 880-881 [2001]; *Puckett v County of Erie*, 262 AD2d 964, 965 [1999]; *Malecki v Wal-Mart Stores*, 222 AD2d 1010, 1010 [1995]; *compare Heidelmark v State of New York*, 1 AD3d 748, 749 [2003] [Labor Law § 240 (1) applicable where a pipe fell from 10 feet above the injured worker's work level]; *Ortlieb v Town of Malone*, 307 AD2d 679, 680 [2003] [Labor Law § 240 (1) applicable where the injured worker was positioned in a trench below the level of a pipe that rolled down a 15-foot slope and fell into the trench]). To the extent that this Court's decision in *Gill v Samuel Kosoff & Sons* (229 AD2d 824 [1996] [a part of the hoisting device struck the injured worker]) may be viewed as supporting a contrary result, it is no longer to be followed.

As a final matter, we agree with Supreme Court that defendants' motion for summary judgment dismissing plaintiff's claims under Labor Law §§ 200 and 241 (6) was premature (*see* CPLR 3212 [f]; *Reohr v Golub Corp.*, 242 AD2d 850, 851 [1997]).

Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion and denied defendants' motion in its entirety; plaintiff's cross motion denied and defendants' motion partially granted by dismissing the Labor Law § 240 (1) cause of action; and, as so modified, affirmed.