■ TIM ATKINSON, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 101679.) [798 NYS2d 230]—

Spain, J.P. Appeal from an order of the Court of Claims (Hard, J.), entered July 14, 2004, which granted defendant's motion for partial summary judgment dismissing the Labor Law § 240 (1) cause of action.

Claimant, while employed as a laborer for a construction company which was building a new prison facility in the Town of Malone, Franklin County, was injured while he was adding a tier to a scaffold which the masons were using to build the exterior walls of the facility. Specifically, claimant—standing on the ground—was raising, one at a time, scaffold frame pieces which would ultimately comprise the next tier of the scaffold. Each piece of scaffold frame—consisting of metal bars welded

together—had to be lifted overhead by claimant and hooked onto extension inserts protruding from the top of each of the vertical outside posts of the scaffold. These hanging frame pieces would eventually be set in place atop the scaffold to create the next tier. After claimant had hung several frame sections, he walked along the scaffold to the adjacent supply area to get another section of scaffold frame and saw one of the frame pieces which he had previously hung begin to fall to the ground. Claimant reached out and caught the falling piece of scaffold frame, which weighed 40 to 50 pounds, sustaining injuries to his arms and shoulder.

Claimant commenced the instant action, alleging claims under Labor Law § 240 (1) and § 241 (6). After issue was joined, the Court of Claims granted defendant's motion for partial summary judgment dismissing the claim under Labor Law § 240 (1), and denied claimant's cross motion for summary judgment in his favor on that claim. On claimant's appeal, we find that defendant's motion was properly granted and, accordingly, affirm.

Under firmly established principles, "not every object that falls on a worker[ ] gives rise to the extraordinary protections of Labor Law § 240 (1)" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). In actions premised on falling objects, an essential component of an injured worker's ability to recover is that he or she "must show that the object fell, *while being hoisted or secured*, because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (*id.* at 268 [emphasis added and deleted]; *see Roberts v General Elec. Co.*, 97 NY2d 737, 738 [2002]). Here, the scaffold frame piece which fell was neither in the process of being hoisted nor a load that required securing and, thus, Labor Law § 240 (1) does not apply (*see Narducci v Manhasset Bay Assoc., supra* at 268; *Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490-491 [1995]; *Woodell v Toshiba Intl. Corp.*, 305 AD2d 910, 911 [2003]; *Bradley v San-Gra Corp.*, 301 AD2d 709, 711 [2003]; *see also Love v New York State Thruway Auth.*, 17 AD3d 1000, 1001 [2005]; *Gambino v Massachusetts Mut. Life Ins. Co.*, 8 AD3d 337, 338 [2004]; *Fegundes v New York Tel. Co.*, 285 AD2d 526, 527 [2001]; *cf. Heidelmark v State of New York*, 1 AD3d 748 [2003]; *Ortlieb v Town of Malone*, 307 AD2d 679 [2003]). Moreover, claimant is 5 feet 10 inches in height and, before it came loose and fell, the lowest part of the frame piece which fell was hanging about six feet from the ground. According to claimant's testimony, when he caught the falling piece, it had fallen only one to two feet. Consequently, there was also an insufficient height differential

between claimant and the falling section of scaffold to sustain a claim under this statute (*see Narducci v Manhasset Bay Assoc., supra* at 269; *Melo v Consolidated Edison Co. of N.Y.*, 92 NY2d 909, 911-912 [1998]; *Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843-844 [1994]; *St. Louis v Town of N. Elba*, 17 AD3d 832, 833 [2005]; *Jordan v Blue Circle Atl.*, 306 AD2d 741, 743 [2003]).

As claimant's accident was the result of a general hazard normally associated with a construction project and not one contemplated by Labor Law § 240 (1), the Court of Claims properly dismissed that statutory claim (*see Narducci v Manhasset Bay Assoc., supra* at 269; *Misseritti v Mark IV Constr. Co., supra* at 491; *Bradley v San-Gra Corp., supra* at 711).

Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.