*583 OPINION OF THE COURT
Judith A. Hard, J.
Defendant moves this court pursuant to CPLR 3212 for an order granting summary judgment and dismissing the claim.
The material facts are relatively undisputed. On July 14, 1998, claimant was employed as a laborer erecting scaffolding at a prison operated by defendant. Claimant was placing portions of scaffolding on the third tier, working approximately six feet above his head, when a piece of scaffolding fell toward him. In catching the falling piece, claimant injured his hands and shoulders. Claimant thereafter commenced this action alleging violation of Labor Law § 241 (6), for failure to comply with a safety regulation requiring that the erection and removal of scaffolding be supervised by a designated person.* Defendant now moves for summary judgment dismissing the claim. For the reasons to be stated, the court is unpersuaded by defendant’s contention that the regulation upon which claimant relies, 12 NYCRR 23-5.1 (h), is insufficient to sustain a claim under Labor Law § 241 (6). As such, defendant’s motion is denied.
To begin, a review of Labor Law principles is helpful. Labor Law § 200 is a legislative codification of the common-law general duty to maintain a safe workplace. A landowner or general contractor will not be hable for a breach of this duty if he or she delegates supervision and control over the injury-producing activity to another, such as a subcontractor (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]). If the owner or general contractor maintains supervision and control over the injury-producing activity, he or she will be liable for such injuries. Conversely, duties imposed for violations of specific commands and standards under Labor Law §§ 240 and 241 are nondelegable, meaning that regardless of whether a landowner or general contractor supervised the injury-producing activity, they can be held liable.
As relevant here, Labor Law § 241 (6) requires that when construction, excavation or demolition work is performed, owners and contractors must “provide reasonable and adequate protection and safety” for workers and they must comply with the specific safety rules and regulations promulgated by the *584 Commissioner of the Department of Labor (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]). To establish liability under Labor Law § 241 (6), a claimant must demonstrate that a regulation that sets forth a specific positive standard or command has been violated (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 350 [1998]; Ross v Curtis-Palmer Hydro-Elec. Co., supra). Regulations that proscribe a general common-law duty are insufficient to meet this requirement (see id.). Here, claimant alleges a violation of 12 NYCRR 23-5.1 (h).
12 NYCRR 23-5.1 (h) states, “Every scaffold shall be erected and removed under the supervision of a designated person” (id.). The court interprets this regulation as a specific command. The language requires a specific act, supervision, by a designated person during a particular activity — erecting or removing scaffolding. This regulation does not just reiterate the common-law standard to maintain a safe workplace, but sets a specific safety standard. In making this determination, the court is unpersuaded by defendant’s contention that the regulation is a general common-law command because it merely recites that supervision is required, and supervision is required under Labor Law § 200 before an owner can be liable for common-law negligence. Defendant further argues that to allow 12 NYCRR 23-5.1 (h) to support a Labor Law § 241 (6) claim would hold an owner liable for negligence when it was not supervising the injury-producing activity, thus, abrogating the limitation on owner liability set forth in Labor Law § 200.
Defendant’s argument presupposes a fallacy. The argument presupposes that the supervision required under Labor Law § 200 is the same type of supervision contemplated by the regulation. It is not. The supervision contemplated by Labor Law § 200 requires that before an owner will be liable for negligence, he or she, not a designee, must actively choose to direct and control the injury-producing activity, whatever type of activity it is. The supervision contemplated by the regulation requires that, because of the heightened danger involved in the specific activity of erecting and removing scaffolding, a specific person, not necessarily the owner and in most cases probably not the owner, must be present. This safety practice is designed to minimize the danger involved in this activity.
In making this determination, the court notes that by enacting Labor Law § 241, the Legislature clearly manifested an intent to place ultimate responsibility for safety practices on construction projects with owners and general contractors (see *585 Rizzuto v L.A. Wenger Contr. Co., supra at 348). To ensure that the owner’s nondelegable duty under Labor Law § 241 (6) is not impermissibly expanded to abrogate the protections of Labor Law § 200, only violations of regulations providing specific commands can support a violation under Labor Law § 241 (6). This court determines that the regulation at issue here is one such command.
As such, defendant is not entitled to summary judgment inasmuch as claimant alleges a violation of a specific safety command (see Rizzuto v L.A. Wenger Contr. Co., supra).
Accordingly, defendant’s motion, M-70630, is denied.

 Claimant also brought a cause of action for violation of Labor Law § 240 (1). By decision and order filed July 14, 2004, the court dismissed this cause of action. This decision was upheld on appeal (see Atkinson v State of New York, 20 AD3d 739 [3d Dept 2005]).