■ EDWARD ZIRKEL et al., Appellants, v FRONTIER COMMUNICATIONS OF AMERICA, INC., et al., Respondents. [815 NYS2d 324]—

Carpinello, J. Appeal from an order of the Supreme Court (Dowd, J.), entered April 25, 2005 in Chenango County, which, inter alia, granted defendants' cross motion for summary judgment dismissing the complaint.

Plaintiff Edward Zirkel (hereinafter plaintiff) was injured when, in the course of his employment of removing old utility poles, one of the poles toppled over from its vertical position striking him in the head and shoulder. He and his wife,

derivatively, sued the owners of the pole claiming negligence and violations of various Labor Law provisions. At issue on this appeal is an order of Supreme Court which granted defendants summary judgment dismissing the complaint. Plaintiffs argue that their Labor Law §§ 240 and 241 (6) claims were improperly dismissed.

With respect to the Labor Law § 240 claim, plaintiffs allege that because the pole was caused to fall by the effect of gravity, summary judgment should have been granted in their favor. We disagree. While plaintiff's job assignment that day indeed envisioned that the subject pole would ultimately be removed from the ground by a hydraulic powered winch attached to a derrick truck, it fell before the winch had even been attached to the pole. In this regard, it is axiomatic that Labor Law § 240 is "not intended to cover all dangers tangentially related to gravity" (*Bradley v San-Gra Corp., Santaro Cos.*, 301 AD2d 709, 711 [2003]). Therefore, in order for a worker struck by a falling object to recover under Labor Law § 240, he or she must be able to show that it "fell[ ] while being hoisted or secured" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see Atkinson v State of New York*, 20 AD3d 739, 740 [2005]). Here, the utility pole which struck plaintiff was not being hoisted or secured at the time it fell; therefore, Supreme Court appropriately granted defendants summary judgment on this claim.

Plaintiffs' cause of action predicated on Labor Law § 241 (6) was also properly dismissed. Plaintiffs contend that the installation of a new pole in the vicinity of the old pole necessarily required some excavation thus invoking 12 NYCRR 23-4.1, a regulation promulgated pursuant to Labor Law § 241 (6). While it is true that this regulation focuses on protecting against structural collapses associated with the loss of stability due to excavation (*see Sainato v City of Albany*, 285 AD2d 708, 710-711 [2001]), there is no proof in this record as to what caused the old pole to topple over. Thus, any claim that the minimal excavation required for the installation of the new pole caused instability in the ground around the old one is based on pure speculation.

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.