■ JEAN LOUIS DESHARNAIS et al., Appellants, v JEFFERSON CONCRETE COMPANY, INC., Respondent. [827 NYS2d 312]—

Kane, J. Appeal from an order of the Supreme Court (Demarest, J.), entered March 31, 2006 in Franklin County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

Defendant delivered a three-piece septic tank to a residence in Franklin County. Plaintiff Jean Louis Desharnais (hereinafter plaintiff) was present on the property as a consulting engineer. Defendant's employee was releasing the chains attached to the second part of the septic tank when, as a result of a broken nut, a lifting mechanism attached to defendant's truck (hereinafter the spreader bar) swung loose and hit plaintiff. As a result of injuries he sustained, plaintiff and his wife, derivatively, commenced this action alleging claims under Labor Law §§ 200, 240 (1) and § 241 (6), common-law negligence and breach of warranty. Defendant moved for summary judgment dismissing the complaint and plaintiffs cross-moved for permission to amend or supplement their bill of particulars. Supreme Court granted defendant's motion and dismissed the complaint, implicitly denying the cross motion. Plaintiffs appeal.

Supreme Court properly dismissed plaintiffs' claim under Labor Law § 240 (1). In response to defendant's prima facie proof that there was no elevation-related injury here, plaintiff was required to show not only that an object fell and injured him, but that "the object fell, while being hoisted or secured, because of the absence or inadequacy of a safety device" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001] [emphasis omitted]). Here, the spreader bar did not actually fall, but shifted and swung around, hitting plaintiff. The bar was not construction material being hoisted or secured at the time, but was a safety device being maneuvered in preparation for hoisting a piece of the septic tank (*see Atkinson v State of New York*, 20 AD3d 739, 740 [2005]; *see also Zirkel v Frontier Communications of Am., Inc.*, 29 AD3d 1188, 1189 [2006]). Here, plaintiff was exposed to the ordinary dangers of a construction site, rather than the elevation-related risks envisioned by Labor Law § 240 (1) (*see Toefer v Long Is. R.R.*, 4 NY3d 399, 407 [2005]; *Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843 [1994]).

Plaintiffs also failed to meet their burden to establish their Labor Law § 241 (6) cause of action. Such a claim requires pleading and proof of a violation of a specified regulation promulgated by the Commissioner of Labor which contains specific standards (*see Blysma v County of Saratoga*, 296 AD2d 637, 638 [2002]; *Sainato v City of Albany*, 285 AD2d 708, 710 [2001]; *Rice v City of Cortland*, 262 AD2d 770, 773 [1999]). Plaintiffs failed to specify any particular regulations in their complaint, bill of particulars or supplemental bill of particulars. Although plaintiffs cross-moved to amend or supplement their bill of particulars to assert specific regulatory violations, Supreme Court did not abuse its discretion in implicitly denying that post-note of issue motion which was unaccompanied by any explanation for plaintiffs' failure to amend previously (*see Thompson v Ludovico*, 246 AD2d 642, 643 [1998]). Even so, the regulations that plaintiffs desired to allege were either general safety standards (*see* 12 NYCRR 23-6.1 [b]; 23-6.2 [c];* *Schwab v A.J. Martini, Inc.*, 288 AD2d 654, 656 [2001], *lv denied* 97 NY2d 609 [2002]) or not implicated in this case (*see* 12 NYCRR 23-8.1 [f]; 23-8.2 [c] [3]; [d] [2]; *Puckett v County of Erie*, 262 AD2d 964, 965 [1999]), requiring dismissal of their Labor Law § 241 (6) cause of action (*see Thompson v Ludovico, supra* at 643-644).

Plaintiffs' causes of action grounded on common-law negligence and Labor Law § 200 were properly dismissed. The record does not include proof that defendant had actual or constructive notice of the defect in the spreader bar (*see Blysma v County of Saratoga, supra* at 639; *Sainato v City of Albany, supra* at 709). The affidavit of plaintiffs' expert engineer was insufficient to establish constructive notice, as he failed to provide the foundational facts upon which he based his conclusions and opinions, and failed to explain how defendant should have detected the defective nut. Defendant's employees testified before trial that they did not know the spreader bar was defective or that a nut was broken, had never experienced this type

---

* 12 NYCRR 23-6.2 is entitled "Rigging, rope and chains for material hoists" and subdivision (c) thereof provides: "All hooks, shackles and other fittings subject to tension or shear shall be drop-forged. The use of deformed or damaged hooks, shackles, chains or other fittings is prohibited. All suspended pulley blocks, sheaves, well wheels or similar devices shall be moused or securely fastened or safety hooks shall be used." While the first and third sentences, which are inapplicable here, contain sufficiently specific safety commands, the second sentence, which is allegedly applicable, constitutes a general standard. Such a general standard, which "adds nothing to the general common-law rule requiring the provision of a safe workplace," cannot support a cause of action under Labor Law § 241 (6) (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 504 [1993]).

of equipment failure before and the spreader bar was viewed and used to load the septic tank onto a trailer the night before plaintiff's accident. Without proof of notice, the negligence causes of action cannot survive.

Plaintiffs' remaining contentions are likewise without merit.

Cardona, P.J., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.