◼ TIM ATKINSON, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 101679.) [854 NYS2d 556]—

Spain, J.

Claimant was injured while working as a laborer erecting a scaffold to be used to build exterior walls of a prison facility complex in the Town of Malone, Franklin County. As we explained previously in this action, "claimant—standing on the ground—was raising, one at a time, scaffold frame pieces which would ultimately comprise the next tier of the scaffold" (20 AD3d 739, 739 [2005]). After hanging several frame sections of the next tier, claimant turned to walk to an adjacent supply area when he saw one of the frame pieces—which he had hung minutes before—fall; he reached out to catch it and it fell on him, causing arm and shoulder injuries. On a prior appeal, we affirmed an award by the Court of Claims (Hard, J.) of summary judgment to defendant dismissing claimant's Labor Law § 240 (1) cause of action (*id.*). On claimant's only other cause of action—under Labor Law § 241 (6)—the Court of Claims denied defendant's motion for summary judgment, concluding that the

regulation upon which this claim is premised, 12 NYCRR 23-5.1 (h), is a specific command which could support a section 241 (6) claim (12 Misc 3d 582, 584 [2006]; *see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 350 [1998]). That order was not appealed and is not before us.

At the bifurcated trial on liability under Labor Law § 241 (6), the Court of Claims (Schweitzer, J.) properly declined—on law of the case grounds—to revisit the prior order interpreting the regulation as a specific command and we likewise decline to address that issue, on which we take no position. The court, however, dismissed the claim in a lengthy, well-reasoned written decision. After considering all of the proof, the Court of Claims found, as relevant here, that defendant had not violated the regulation and, even if it had, the violation was not a proximate cause of the accident. Claimant now appeals, arguing that he established a Labor Law § 241 (6) violation in that defendant failed to satisfy the requirement that "[e]very scaffold shall be erected and removed under the supervision of a designated person" (12 NYCRR 23-5.1 [h]).

"In reviewing a decision following a nonjury trial, this Court may independently review the evidence presented and grant judgment as warranted by the record, giving due deference to the trial court's credibility determinations" (*Feldin v Doty*, 45 AD3d 1225, 1226 [2007] [citations omitted]; *see Poli v Lema*, 24 AD3d 981, 983 [2005]). Upon our review of the record, we agree entirely with the court's analysis and conclusion that defendant did not violate the regulatory requirement, as the evidence established that claimant's erection of the scaffolding was in fact supervised by his supervisor, James Clark, "a designated person" (12 NYCRR 23-5.1 [h]). Claimant acknowledged that Clark was his supervisor, that Clark's designee had instructed him in how to build the scaffold by himself, and that he had successfully used that method to construct 40 to 50 scaffold frame pieces a day in the four weeks prior to the accident. Robert Farfaglia, the construction superintendent who oversaw the entire site, testified that Clark was the general supervisor for labor, including scaffolding, and that, in addition, each of the large buildings under construction had its own designated supervisor. Clark testified that he was claimant's supervisor and inspected the scaffolding periodically throughout the day to ensure that it was built properly. In the absence of any authority or convincing argument to the contrary, the Court of Claims' determination—that notwithstanding the fact that a supervisor was not present at the moment of the accident, no violation of the regulation occurred—is fully supported by the record.

In truth, claimant's arguments are primarily premised upon allegations regarding the safety of his working conditions, i.e., being required or allowed to erect upper levels of the scaffold without the help of a coworker. The conflict in the expert testimony concerned whether and when such assistance should have been provided, which sounds in negligent supervision (*see* Labor Law § 200; *see also Lombardi v Stout*, 80 NY2d 290, 295 [1992] [liability of owner for negligent manner of work being performed]), causes of action not asserted in his claim. Further, these allegations do not impact upon the regulation's circumscribed requirement that his scaffold-erection work occur "under the supervision of a designated person" (12 NYCRR 23-5.1 [h]).

Finally, we agree with the Court of Claims' alternate conclusion that even if noncompliance with the regulation was established, the proof did not demonstrate that the violation caused the accident. This is so because claimant's supervisor testified that he would not have assigned a second laborer, and no industry standard requiring one was shown; thus, even had claimant's "designated" supervisor been present and watching during the entire scaffold construction, it is speculative that a second worker would have been present and would have prevented the accident.

Claimant's remaining contentions are not persuasive.

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.