■ PAUL MUELLER et al., Appellants, v PSEG POWER NEW YORK, INC., Respondent. [922 NYS2d 588]—

McCarthy, J. Appeal from an order of the Supreme Court (Devine, J.), entered July 1, 2010 in Albany County, which, among other things, partially granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff Paul Mueller (hereinafter plaintiff) was employed by a contractor performing concrete construction on a job site owned by defendant. On the date in question, plaintiff was disassembling, stacking and storing steel slab forms that are used as a mold to shape concrete walls and pads when they are poured. The task involved a crane removing the forms from a flatbed truck and moving them approximately 50 feet so that workers could disassemble them for storage. The crane removed two forms that were fastened together, weighing approximately 1,035 pounds, and set them on the ground in a trench next to a concrete pad, with the intention of leaning the forms against the pad until they could be taken apart and properly stored. A worker was sent to retrieve scrap wood to place between the form and the pad, so as to protect both surfaces. Plaintiff realized that the forms were backwards, which would prevent the workers from removing the clamps attaching them to the crane cable. He signaled to the crane operator, who lifted the forms above the workers' heads, spun them around, and again placed them on the ground. Plaintiff and another worker each held one end of the forms and other workers unhooked the clamps on the crane cable, while waiting for the scrap wood to arrive so that they could lean the forms against the pad. After the workers released the clamps from the forms, the crane boom began to swing away. As it moved, however, the crane cable snagged the forms, lifting them approximately six to eight inches off the ground before dropping them. Plaintiff was injured when the forms fell against his leg.

Plaintiff and his wife, derivatively, commenced this action alleging common-law negligence and violations of Labor Law § 240 (1) and § 241 (6). Plaintiffs moved for summary judgment on the issue of liability and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiffs' motion and partially granted defendant's cross motion, dismissing the Labor Law causes of action. Plaintiffs appeal.

Supreme Court properly dismissed plaintiffs' claim under Labor Law § 240 (1). The statute's purpose is to protect work-

ers "against risks due in some way to relative differences in elevation" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 515 [1991]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]). For that section to apply, "a plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]). Here, the forms were not being hoisted at the time of the accident (*see Zirkel v Frontier Communications of Am., Inc.*, 29 AD3d 1188, 1189 [2006]; *Atkinson v State of New York*, 20 AD3d 739, 740 [2005]; *Tambasco v Norton Co.*, 207 AD2d 618, 620-621 [1994], *lv dismissed* 85 NY2d 857 [1995]; *compare Brown v VJB Constr. Corp.*, 50 AD3d 373, 376-377 [2008]). After the forms were turned around and placed on the ground for the second time, all of the workers intended for the forms to remain on the ground, at the same elevation as plaintiff. The forms left the ground only because they were accidentally snagged by the clamp on the crane cable, not in the course of purposeful hoisting or moving of the forms. It would be illogical to hold defendant liable for failing to utilize or properly attach a protective hoisting device when no further hoisting of the forms was contemplated.

Plaintiffs do not contend that the crane cable was inadequate as a safety device for the actual hoisting. Indeed, they contend that the cable was the proper device, but that it should not have been detached until the forms were secured against the scrap wood and leaning against the pad. This use of the cable was not for hoisting or elevation-related purposes, but merely to hold the forms upright while they remained on the ground. Thus, the failure to keep the cable attached until the forms were stabilized potentially created a general workplace hazard, rather than the kind of elevation-related hazard contemplated by Labor Law § 240 (1) (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268; *Desharnais v Jefferson Concrete Co., Inc.*, 35 AD3d 1059, 1060 [2006]; *Atkinson v State of New York*, 20 AD3d at 741).

Supreme Court also properly dismissed plaintiffs' claim under Labor Law § 241 (6). Plaintiffs allege that defendant violated a regulation, entitled "Concrete Work," which states that "[f]orms, shores and reshores shall be structurally safe and shall be properly braced or tied together so as to maintain position and shape" (12 NYCRR 23-2.2 [a]). Although sufficiently specific to form a basis for liability under the statute (*see Morris v Pavarini Constr.*, 9 NY3d 47, 50 [2007]), that regulation is not applicable here. The regulation applies during actual concrete

work, not when the forms are being stored.* In addition to requiring proper bracing and tying together of forms, subdivision (a) of this regulation applies to shores. Shoring, as relates to concrete, is defined by regulations as a "system of temporary supports, either wood or metal, used to support the weight of forms and uncured concrete" (12 NYCRR 23-1.4 [b] [48]). Because shores are used only to support uncured concrete and related forms, they are necessarily only involved in the pouring and placing of concrete. Similarly, forms only need "to maintain position and shape" (12 NYCRR 23-2.2 [a]) when they are being used to mold the concrete, not when they are being stored. Other language in the regulation requires continuous inspection of the stability of all forms only "during the placing of concrete" (12 NYCRR 23-2.2 [b]; see McCormick v 257 W. Genesee, LLC, 78 AD3d 1581, 1582-1583 [2010]; Gielow v Coplon Home, 251 AD2d 970, 972 [1998], lv dismissed and denied 92 NY2d 1042 [1999]). Read as a whole, 12 NYCRR 23-2.2 does not require bracing or tying together of forms except at times when they are being used as a mold for pouring and curing concrete. As the forms here were not being used in this manner at the time of plaintiff's accident, but were in the process of being stored, the regulation does not apply. Accordingly, the court properly dismissed plaintiffs' Labor Law § 241 (6) claim.

Mercure, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.

---

* The Court of Appeals has held that the interpretation of this regulation presents a question of law, but a court must sometimes hear evidence regarding specialized terms before rendering a determination (see Morris v Pavarini Constr., 9 NY3d at 51). Here, the expert affidavit that plaintiffs submitted makes a conclusory statement that this regulation was "clearly applicable" and violated, but does not provide an expert explanation for why it applies. The expert also identified a violation of a similar standard of the American National Standards Institute, but a violation of those standards does not constitute a violation under Labor Law § 241 (6).