■ DOMINICK VITOLO, Respondent, et al., Plaintiff, v CITY OF NEW YORK et al., Appellants. [11 NYS3d 12]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered September 23, 2014, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing so much of plaintiff's Labor Law § 241 (6) cause of action as is predicated on Industrial Code (12 NYCRR) § 23-5.1 (h), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

12 NYCRR 23-5.1 (h) provides that "[e]very scaffold shall be erected and removed under the supervision of a designated person." "Designated person" is defined as "[a] person selected and directed by an employer or his authorized agent to perform a specific task or duty" (12 NYCRR 23-1.4 [b] [17]).

Regardless of whether or not plaintiff was the designated person, given his experience and qualifications in building scaffolds, any failure to so designate someone was not a proximate cause of plaintiff's accident (*see e.g. Atkinson v State of New York*, 49 AD3d 988 [3d Dept 2008]).

Plaintiff was injured when he attempted to drag the platform by himself while standing on the braces of the scaffold, rather than waiting for another worker to return. There is simply no basis to conclude that plaintiff's accident was in any way the result of someone failing to adequately supervise him. Concur—Andrias, J.P., Moskowitz, DeGrasse, Gische and Kapnick, JJ.