■ Mario Pontes, Appellant, v F&S Contracting, LLC, et al., Respondents, et al., Defendant. [44 NYS3d 43]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated August 12, 2014, as granted that branch of the cross motion of the defendants F&S Contracting, LLC, New York City Transit Authority, Metropolitan Transportation Authority, and City of New York which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured while assembling a rolling scaffold when a coworker lost his grip on a piece of plywood that he and the plaintiff were fitting into the platform of the

scaffold, causing the board to fall and strike the plaintiff's foot. The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 241 (6). At his deposition, the plaintiff testified that his coworker lost his grip on the board because the scaffold moved.

The Supreme Court properly granted that branch of the cross motion of the defendants F&S Contracting, LLC, New York City Transit Authority, Metropolitan Transportation Authority, and City of New York (hereinafter collectively the defendants) which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them. Contrary to the plaintiff's contention, 12 NYCRR 23-5.1 (f) is not sufficiently specific to support a cause of action pursuant to Labor Law § 241 (6) (*see Doto v Astoria Energy II, LLC*, 129 AD3d 660, 665 [2015]; *Allan v DHL Express [USA], Inc.*, 99 AD3d 828, 831 [2012]). Further, the defendants established, prima facie, that 12 NYCRR 23-5.18 (g) is not applicable to the facts of this case, that 12 NYCRR 23-5.18 (e) was not violated, and that, irrespective of any alleged violation of 12 NYCRR 23-5.1 (h), such violation was not a proximate cause of the plaintiff's accident (*see Vitolo v City of New York*, 128 AD3d 614 [2015]; *Atkinson v State of New York*, 49 AD3d 988 [2008]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The plaintiff's deposition testimony that his unnamed coworker told him after the accident that the brakes on the scaffold were broken is insufficient, standing alone, to defeat the defendants' prima facie showing (*see Derrick v North Star Orthopedics, PLLC*, 121 AD3d 741, 743 [2014]; *Steinsvaag v City of New York*, 96 AD3d 932 [2012]). "While hearsay statements may be used to oppose motions for summary judgment, they cannot, as here, be the only evidence submitted to raise a triable issue of fact" (*Rallo v Man-Dell Food Stores, Inc.*, 117 AD3d 705, 706 [2014]). The plaintiff's contention that his coworker's statement to him regarding the condition of the brakes on the scaffold was admissible as a present sense impression is not properly before us, as it was raised for the first time in his reply brief on appeal (*see Boddie-Willis v Marziliano*, 78 AD3d 978, 979 [2010]).

The plaintiff's contention that the defendants violated 12 NYCRR 23-5.1 (b) is improperly raised for the first time on appeal (*see Viera v WFJ Realty Corp.*, 140 AD3d 737, 739 [2016]).

The plaintiff's remaining contentions are without merit. Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.