Ortega v Trinity Hudson Holding LLC (2019 NY Slip Op 07743)





Ortega v Trinity Hudson Holding LLC


2019 NY Slip Op 07743


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Oing, JJ.


10232 303059/15 83866/16

[*1] Joao Ortega, Plaintiff-Respondent-Appellant,
v
Trinity Hudson Holding LLC, et al., Defendants-Appellants-Respondents, Tishman Speyer Hudson Limited Partnership, Defendant. 
[And A Third-Party Action]


Newman Myers Kreines Gross Harris, P.C., New York (Charles Dewey Cole, Jr. of counsel), for appellants-respondents.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent-appellant.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about November 15, 2018, which, inter alia, denied defendants' motion for summary judgment dismissing plaintiff's Labor Law §§ 240(1) and 241(6) claims, and denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, unanimously modified, on the law, to the extent of granting plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, and granting defendant's motion for summary judgment dismissing the Labor Law § 241(6) claim, and otherwise affirmed, without costs.
Plaintiff sustained comminuted fractures in his right hand when, while securing a piece of equipment he referred to as a "delta scaffold" to a bracket on a wall with a "tieback," the scaffold tipped over and pinned his hand against the bracket. At the time, two stacks of counterweights were placed on the scaffold for the purpose of balancing out a suspension scaffold that would later be suspended from the other end.
Plaintiff is entitled to partial summary judgment on his Labor Law § 240(1) claim. Regardless of whether plaintiff's hand was struck by the beam of the scaffold or the counterweights placed on the scaffold, this matter falls within the purview of Labor Law § 240(1). Plaintiff's injuries were the direct result of the application of the force of gravity to the scaffold and the counterweights, and, although the scaffold and counterweights fell a short distance after the scaffold tipped, the elevation differential was not de minimis, as their combined weight of over 2,400 pounds was capable of generating a great amount of force during the short descent (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 9-10 [2011]; Runner v New York Stock Exch., Inc., 13 NY3d 599, 604-605 [2009]; Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 409 [1st Dept 2013]).
The scaffold was a load that required securing for the purpose of plaintiff's undertaking (see Quattrocchi v F. J. Schiame Constr. Corp., 11 NY3d 757 [2008]; Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [2001]). Contrary to defendants' contention, the counterweights were not a safety device provided to secure the equipment being tied to the bracket, but were to balance a scaffold that would later be suspended from it.
Furthermore, the record establishes, as a matter of law, that plaintiff was not the sole proximate cause of his injuries. Plaintiff and his coworker both testified that there was slack in the tieback at the time of the accident. Their foreman's testimony that the scaffold tipped over due to overtightening of the tieback by plaintiff is speculative, as he did not witness the accident. The reports and expert affidavit submitted by defendants concluding that the accident was caused [*2]by overtightening are also speculative. In any event, even accepting the defense's proof, it is still insufficient to raise an issue of fact as to sole proximate causation, since the record established that the scaffold tipped over in part due to being inadequately secured, raising only comparative negligence by plaintiff (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]; White v 31—01 Steinway, LLC, 165 AD3d 449, 451-452 [1st Dept 2018]).
Defendants are entitled to dismissal of the Labor Law § 241(6) claim. 12 NYCRR 23-1.5(c)(1) and (2) are "too general to serve as Labor Law § 241(6) predicates" (Jackson v Hunter Roberts Constr. Group, LLC, 161 AD3d 666, 667 [1st Dept 2018]; see also Gasques v State of New York, 15 NY3d 869 [2010]). In view of plaintiff's testimony that his foreman had instructed him how to perform tiebacks, and that he had been performing it daily the week before the accident, any violation of 12 NYCRR 23-5.1(h) by the foreman's absence from the job site at the time of the accident was not the proximate cause of the accident (see Vitolo v City of New York, 128 AD3d 614 [1st Dept 2015], lv denied 26 NY3d 907 [2015]). 12 NYCRR 23-5.1(d) is inapplicable, as the subject equipment was not a "scaffold" contemplated by that provision and, even if so, the counterweights were not the type of load contemplated by it.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK