**Andres-Valdez v 1818 Nadlan LLC**

2024 NY Slip Op 33407(U)

September 27, 2024

Supreme Court, New York County

Docket Number: Index No. 156787/2018

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. MARY V. ROSADO | PART | 33M |
|---|---|---|---|
| | *Justice* | | |

---------------------------------------------------------------------X

MARVIN RICARDO ANDRES-VALDEZ,

                    Plaintiff,

           - v -

1818 NADLAN LLC,NEW LINE STRUCTURES INC.

                  Defendant.

---------------------------------------------------------------------X

| INDEX NO. | 156787/2018 |
|---|---|
| MOTION DATE | 09/07/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56

were read on this motion to/for         JUDGMENT - SUMMARY      .

    Upon the foregoing documents, Defendants 1818 Nadlan LLC ("1818 Nadlan") and New Line Structures Inc.'s ("New Line") motion for summary judgment dismissing Plaintiff Marvin Ricardo Andres-Valdez's ("Plaintiff") Complaint is granted in part and denied in part.[1]

## I.    Background

    This is an action for personal injuries sustained by Plaintiff as a result of alleged violations of Labor Law § 241(6). Plaintiff was a rebar lather who was employed by non-party Perimeter Concrete at a worksite located at 505 West 43rd Street, New York, New York (the "Worksite") (NYSCEF Doc. 37 at 56-57). The Worksite was owned by Defendant 1818 Nadlan, and New Line was hired to be the construction manager (NYSCEF Doc. 38 at 10-11).

    Plaintiff's responsibilities were limited to installing rebar (NYSCEF Doc. 37 at 44-45). Rebar, which comes from a combination of the words "reinforcing" and "bar", consists of metal bars meant to reinforce and to support concrete. At the time of his accident, Plaintiff was carrying

---

[1] Plaintiff does not oppose dismissal of his Labor Law §§ 240(1) and 200 and therefore these claims are dismissed.

**156787/2018  ANDRES-VALDEZ, MARVIN RICARDO vs. 1818 NADLAN LLC**
**Motion No.  002**

rebar to the area where it was to be laid and tied (*id.* at 76-77). Plaintiff's co-workers were responsible for tying the rebar (*id.*). In the process of transporting rebar Plaintiff would walk over pieces of rebar which had not yet been tied (*id.* at 149). Plaintiff testified that loose rebar caused him to fall (*id.* at 108-109).

Defendants now seek summary judgment dismissing Plaintiff's entire Complaint. Defendants argue that Plaintiff alleges violations 12 NYCRR § 23-1.7(d) (slipping hazards) and 12 NYCRR § 23-2.2 (a) (concrete work), yet none of these codes are applicable. Defendants argue 12 NYCRR § 23-1.7(d) does not apply because the rebar was not slippery. Defendants argue that 12 NYCRR § 23-2.2 is inapplicable because it only applies to work involving the pouring or forming of concrete, while here Plaintiff was solely involved in placing rebar.

Plaintiff opposes and argues that the loose and untied rebar created a slippery condition within the meaning of 12 NYCRR § 23-1.7(d). They further argue that notice is not an element for a Labor Law § 241(6) claim and therefore it is immaterial that the allegedly slippery condition only existed for ten to fifteen minutes. Plaintiff argues that rebar set on top of plywood is part of a concrete form such that 12 NYCRR § 23-2.2 applies to this case. Plaintiff failed to oppose dismissal of his other alleged Labor Law 241(6) violations and therefore they are dismissed as abandoned. Plaintiff withdrew his Labor Law §§ 240(1) and 200 claims, and so these claims are likewise dismissed as abandoned.

In reply, Defendants argue that 12 NYCRR § 23-1.7(d) applies to slippery, foreign substances, such as ice, snow, water, and grease. Defendants argue that simply because the rebar was loose and shifted does not qualify it as a slippery substance. Defendants further point to Plaintiff's deposition testimony where he admitted that the rebar was not slippery. Defendants further argue that because the rebar was integral to the work being performed, it cannot be

[* 2]

considered a foreign substance. As for 12 NYCRR § 23-2.2, Defendant argues that cases interpreting this regulation have found it only applies to the use of molds and temporary supports during the pouring of concrete.

## II. Discussion

### A. Standard

Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. *See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.,* 304 AD2d 340, 342 [1st Dept 2003]).

### B. 12 NYCRR § 23-1.7(d)

Defendants' motion for summary judgment dismissing Plaintiff's Labor Law 241(6) claim predicated on 12 NYCRR § 23-1.7(d) is granted. Pursuant to 12 NYCRR § 23-1.7(d), "[e]mployers shall not suffer or permit any employee to use a floor…which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing."

The Court of Appeals has recently revisited the application and scope of 12 NYCRR § 23-1.7(d) in *Bazdaric v Almah Partners LLC*, 41 NY3d 310 (2024). In *Bazdaric*, in determining whether an unsecured plastic cover constituted a 'foreign substance' within the meaning of 12

NYCRR § 23-1.7(d), the Court of Appeals considered certain factors including whether the covering was integral to the work at hand and whether it was inherently slippery (*id.* at 314). The plaintiff slipped and fell on an unsecured plastic sheet covering an escalator (*id.*). The Court of Appeals found the plastic covering was a foreign substance because it was not a component of the escalator and was not necessary to the escalator's functionality (*id.* at 319). Further, the Court of Appeals determined that the plastic covering was slippery upon contact and therefore constituted a slippery condition.

The factors identified by the Court of Appeals in *Bazdaric*, including whether the material which caused the fall was a component of the area where Plaintiff fell and whether it was necessary to functionality, require granting Defendants' summary judgment.

Here, the rebar was not a foreign substance, but was laid down to become a component of the floor where Plaintiff fell. Moreover, the rebar, which was meant to reinforce the concrete, was necessary to the structure's safety and functionality. It cannot, therefore, be considered a foreign substance, when it was laid down to become integrated with the floor. Unlike the plastic cover in *Bazdaric*, Plaintiff testified there was nothing slippery about the rebar (*see also Ruisech v Structure Tone Inc.*, 208 AD3d 412, 414 [1st Dept 2022]; *Cruz v Metropolitan Trans. Auth.*, 193 AD3d 639 [1st Dept 2021]; *Kowalik v Lipschutz*, 81 AD3d 782 [2d Dept 2011] [where the substance naturally results from the work being performed, it is not generally considered a 'foreign substance']). Therefore, Plaintiff's Labor Law 241(6) claim predicated on 12 NYCRR § 23-1.7(d) is dismissed.

### C. 12 NYCRR § 23-2.2

Defendants' motion for summary judgment dismissing Plaintiff's Labor Law 241(6) claim predicated on 12 NYCRR § 23-2.2 is denied. In pertinent part, 12 NYCRR § 23-2.2 provides that "[f]orms, shores and reshores shall be structurally safe and shall be properly braced or tied together

so as to maintain position and shape." The Court of Appeals has defined a 'form' as "a kind of mold used in the fabrication of concrete walls" (*Morris v Pavarini Const.*, 9 NY3d 47, 49 [2007]; *see also Mueller v PSEG Power New York, Inc.*, 83 AD3d 1274, 1275-76 [3d Dept 2011] ["[r]ead as a whole, 12 NYCRR 23-2.2 does not require tying together of forms except at times when they are being used as a mold for pouring and curing concrete]).

As a general matter, the Merriam-Webster Dictionary definition of a "shore" is "to give support to" or "brace." Rebar, which is installed to reinforce concrete, is meant to support concrete. Rebar, therefore, can be considered a "shore" which should have been properly tied within the definition of § 23-2.2.

Neither party has provided any expert affidavits as to the applicability or inapplicability of 12 NYCRR § 23-2.2 to the facts of this case, and whether rebar may be considered a "form, shore, or reshore." Therefore, Defendants have not met their prima facie burden of showing entitlement to dismissal of Plaintiff's Labor Law 241(6) claim predicated on 12 NYCRR § 23-2.2.

Viewing the facts in the light most favorable to the non-movant, the Plaintiff, the Court finds that a slip caused during the placement of rebar as a result of the failure to tie down that rebar can be considered a violation of 12 NYCRR § 23-2.2. Defendants' arguments that Plaintiff's fall was not caused during the preparation of pouring of concrete is without merit. Plaintiff's deposition transcript is replete with testimony that the rebar was being prepared in order for concrete to be poured. In fact, Plaintiff was told to hurry his work in placing the rebar because "they wanted to pour the concrete on the following day" (NYSCEF Doc. 37 at 105-106). Based on the record before the Court, summary judgment dismissing Plaintiff's Labor Law 241(6) claim predicated on 12 NYCRR § 23-2.2 would be inappropriate (*see also Morris v Pavarini Const.*, 98 AD3d 841 [1st

Dept 2012] [§ 23-2.2 can sensibly be applied to forms as they were being constructed, before they were ready to have liquid concrete poured into them]).

Accordingly, it is hereby,

ORDERED that Defendants' motion for summary judgment seeking dismissal of Plaintiff's Complaint is granted in part and denied in part; and it is further

ORDERED that that Defendants' motion for summary judgment seeking dismissal of Plaintiff's Complaint denied solely to the extent that Plaintiff's Labor Law § 241(6) claim predicated on 12 NYCRR § 23-2.2 survives; and it is further

ORDERED that Defendants' motion for summary judgment seeking dismissal of Plaintiff's Labor Law § 200 and § 240(1) claims are dismissed as abandoned; and it is further

ORDERED that Defendants' motion for summary judgment seeking dismissal of Plaintiff's Labor Law § 241(6) predicated on 12 NYCRR § 23-1.7(d) is granted; and it is further

ORDERED that Defendants' motion for summary judgment seeking dismissal of the remainder of Plaintiff's Labor Law § 241(6) is granted and those claims are dismissed as abandoned; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 9/27/2024 | | | | | Mary V Rosar JSC | |
|-----------|--|--|--|--|------------------|--|
| **DATE** | | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
|------------|--|---------------|--|---|----------------------|--|
| | | GRANTED | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

156787/2018   ANDRES-VALDEZ, MARVIN RICARDO vs. 1818 NADLAN LLC                    Page 6 of 6
Motion No.  002

[* 6]